# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

WILLIAM HARRIS, et al.,

        Plaintiffs,

v.                                        CIVIL ACTION NO. 2:18-cv-00558

EQUIFAX INFORMATION SERVICES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Relief from Judgment. (ECF No. 55.) For the reasons discussed more fully below, the Court **DENIES** the motion. (ECF No. 55.)

## I. BACKGROUND

This action arises out of a dispute between Plaintiffs and their loan servicer, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), regarding Wells Fargo's credit reporting on Plaintiffs' mortgage loan. (*See* ECF No. 1.) The complete factual and legal histories of this action is detailed in the Court's previous memorandum opinion and order and, thus, need not be repeated here. (*See* ECF No. 54.) Most relevant to the present motion, on June 10, 2013, Plaintiffs filed an action, in part, against Wells Fargo in the Circuit Court of Wood County, West Virginia, alleging that Wells Fargo fraudulently serviced Plaintiffs' mortgage loan. (*See* ECF No. 1 at 2, ¶ 5.) Plaintiffs agreed to arbitrate the dispute pursuant to an Arbitration Agreement included in Plaintiffs' mortgage loan. (*See* ECF No. 20-2.) On October 17, 2016, Plaintiffs and Wells Fargo entered into a settlement agreement and release in which Wells Fargo agreed, in relevant part, to request deletion of Plaintiffs'

credit line and/or any negative references on Plaintiffs' trade line with Wells Fargo.  (*See* ECF No. 1 at 2, ¶¶ 6–7.)

On April 12, 2018, Plaintiffs filed the present action against Wells Fargo asserting claims of false credit reporting in violation of the settlement agreement.  (*See id.* at 5–11.)  Wells Fargo subsequently filed a motion to compel arbitration.  (ECF No. 20.)  In a Memorandum Opinion and Order dated April 17, 2019, the Court granted Wells Fargo's motion to compel arbitration and dismissed this action.  (ECF No. 54.)  Plaintiffs subsequently filed the present motion for relief from the Court's Memorandum Opinion and Order compelling arbitration, (ECF No. 55), to which Wells Fargo timely responded, (ECF No. 56.)  Plaintiffs did not file a reply to their motion.  As such, the motion is fully briefed and ripe for adjudication.

## II.     LEGAL STANDARD

Rule 59(e) of the Federal Rules of Civil Procedure permits a party to file a motion to alter or amend a judgment within 28 days of the entry of judgment.  "A Rule 59(e) motion may only be granted in three situations:  (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice."  *Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012).  "It is an extraordinary remedy that should be applied sparingly."  *Id.* (citing *EEOC v. Lockheed Martin Corp.*, 116 F.3d 110, 112 (4th Cir. 1997)).

## III.    DISCUSSION

Plaintiffs base their motion to reconsider on the third situation above, in which a motion Rule 59(e) motion may be granted—to correct a clear error of law.  (*See* ECF No. 55 at 2 n.1.)  Specifically, Plaintiffs argue that their previous brief in opposition to Wells Fargo's motion to compel arbitration directly addressed the delegation clause by challenging the validity of the arbitration

agreement in light of the subsequent settlement agreement. (*See id.* at 2–4.) Thus, Plaintiffs argue, the Court and not the arbitrator must determine whether the Arbitration Agreement was still valid.[1] (*See id.*)

The Court addressed this argument in its previous Memorandum Opinion and Order. The Court first found that there was an Arbitration Agreement between the Parties which contained a valid delegation clause requiring an arbitrator and not a court to decide questions of arbitrability, such as whether the settlement invalidated the Arbitration Agreement. (*See* ECF No. 54 at 7.) The Court noted that Plaintiffs did not specifically challenge this delegation clause but instead challenged the Arbitration Agreement as a whole despite Wells Fargo explicitly relying on the above in its motion to compel. (*See id.* at 8.) As Plaintiffs did not directly challenge the delegation clause, the Court ultimately concluded, pursuant to United States Supreme Court and Fourth Circuit precedent, that an arbitrator must decide whether the Arbitration Agreement was superseded by the settlement agreement. (*See id.* at 8–10 (citing *Rent-A-Center West, Inc., v. Jackson*, 561 U.S. 63, 74 (2010); *Minnieland Private Day Sch., Inc. v. Applied Underwriters Captive Risk Assurance Co.*, 867 F.3d 449, 455 (4th Cir. 2017)).) Plaintiffs have not provided the Court with any binding case law showing that the Court committed clear error in so ruling.

Plaintiffs further assert that the Court's ruling leads to an absurd result. (*See* ECF No. 55 at 4 n.2.) However, this Court is not the only federal court that has reached a similar conclusion. *See, e.g., Kung v. Experian Info. Sols.*, No. 18-cv-00452, 2018 WL 2021495, at *5 (N.D. Cal. May 1, 2018) (compelling arbitration in light of a binding delegation provision where the plaintiff argued that a settlement agreement implicitly terminated his merchant agreements); *Snyder v. CACH, LLC*,

---

[1] Plaintiffs assert that had the Court considered the question of validity the Court would have concluded that the Arbitration Agreement is no longer enforceable in light of the Settlement Agreement. (*See* ECF No. 55 at 6–8.)

No. 16-cv-00174, 2016 WL 6662675, at *11–13 (D. Hi. Nov. 10, 2016) (compelling arbitration in light of the plaintiff's defense that a subsequent settlement agreement precluded enforcement of the arbitration provision). Further, the federal common law of arbitrability provides that an arbitration provision in a contract is presumed to survive the expiration of the agreement. *See Riley Mfg. Co. v. Anchor Glass Container Corp.*, 157 F.3d 775, 781 (10th Cir. 1998) (citing *Nolde Bros., Inc. v. Local No. 358, Bakery & Confectionery Workers Union*, 430 U.S. 243, 255 (1977)). Thus, it would not be absurd for an arbitration agreement to be enforced even if the underlying agreement containing the arbitration clause is no longer in effect. Accordingly, as Plaintiffs have not met their burden of showing that the Court committed clear error of law in its previous ruling, Plaintiffs' motion for relief from judgment is denied.

## IV. CONCLUSION

For the reasons discussed more fully above, the Court **DENIES** Plaintiffs' motion for relief from judgment. (ECF No. 55.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: September 16, 2019

_____
THOMAS E. JOHNSTON, CHIEF JUDGE